UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 1:04-cv-1176-VSS/SEB ) |
| PATRIOT TITLE COMPANY, INC., n/k/a PATRIOT TITLE, LLC, et al., | ) ) ) |
| Defendants. | ) |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This cause is before the court on the motion for summary judgment filed by plaintiff Fidelity National Title Insurance Company ("Fidelity"). The motion is fully briefed, and the court, being duly advised, **GRANTS** the motion for the reasons set forth below.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." In determining whether a genuine issue of material fact exists, "a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Robin v. Espo Engineering Corp.,* 200 F.3d 1081, 1088 (7th Cir. 2000). "The non-moving party, however, cannot rest on the pleadings alone, but instead must identify specific facts to establish that there is a genuine triable issue." *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 893 (7th Cir. 2001). "[N]either presenting a scintilla of

evidence, . . . nor the mere existence of some alleged factual dispute between the parties or some metaphysical doubt as to the material facts, is sufficient to oppose a motion for summary judgment. *Robin*, 200 F.3d at 1088. Rather, "[t]he party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Id.* Further, it is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which it relies. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## FACTS OF RECORD

Fidelity has submitted evidence to support the following facts. On September 23, 1998, Fidelity National Title Company, a successor to plaintiff Fidelity, executed an Issuing Agency Agreement ("Agreement") with Patriot Title Company, Inc., a successor to defendant Patriot Title, LLC ("Patriot"). Defendants Scott Peachee, Heather Tubbs, and Tad Braner (collectively "individual defendants") were employees of Patriot. Pursuant to the Agreement, Patriot was appointed Fidelity's agent "solely to countersign and issue title insurance commitments, binders, guarantees, endorsements, title insurance policies of [Fidelity], or any other form whereby [Fidelity] assumes liability" (hereinafter "title assurances") within a defined territory. Agreement at ¶ 1. The Agreement required Patriot to keep safely and segregated, in an FDIC insured escrow/trust account, all monies that were entrusted to it by Fidelity or others in the course of their business operations and the issuance of title insurance policies, *id.* at ¶ 2(A)(8), and to remit to Fidelity on a monthly basis a percentage of the gross premiums on all title assurances issued by Patriot as set forth in Schedule A of the Agreement. *Id.* at ¶ 4. The Agreement further provided that Patriot was liable for any loss suffered by Fidelity as a result of

Patriot's failure to comply with the terms of the Agreement and for any attorney fees and court costs incurred in an action for breach of the Agreement.  *Id.* at ¶¶ 6 and 9.

During the course of an audit in February 2003, Fidelity discovered "severe accounting irregularities" in the accounts maintained by Patriot.  McGinnity Affidavit at ¶ 5.  Specifically, the audit and subsequent investigation revealed

> a failure to reconcile the Patriot escrow accounts, a failure to remit premiums owed to Fidelity in connection with transactions closed by Patriot, the lack of any internal controls over electronic funds transfers, a lack of any procedures for following-up on satisfaction of liens to be paid during closing transactions, failure to maintain copies of necessary documents in closing files, allowing checks to be returned for insufficient funds, violating the Agreement with respect to tax sale transactions, improper salary advances to Tubbs and Peachee, excessive mistakes in calculating mortgage payoffs, and other failures.

*Id.* at ¶ 6.  In June 2003, Fidelity representatives met with the Patriot principals and were advised that the estimated escrow shortage was $1.4 million.  *Id.* at ¶ 7.  Fidelity considered terminating its relationship with Patriot at that time, but agreed not to do so because Peachee, Tubbs and Braner agreed to, and did in fact, execute personal guarantees of Patriot's performance under the Agreement.  *Id.* at ¶ 8.  Fidelity hired C.S. Oats Accountancy Corp. to review and monitor Patriot's performance under the Agreement, and after further investigation and review Fidelity terminated its relationship with Patriot in January 2004.  *Id.* at ¶ 9-10.

Fidelity has paid claims to date totaling $511,343.84 as a result of Patriot's escrow shortages and has paid additional claims of $223,773.00 "which are attributable to Patriot's acts of negligence, mismanagement, and carelessness."  *Id.* at ¶ 12.  Fidelity also has incurred accounting fees in the amount of $150,015.00, as well as attorney fees and expenses to date in the amount of $20,703.52.  *Id.* at ¶ 13; Abeska Affidavit at ¶ 6.  Finally, Patriot has failed to remit premiums to Fidelity in the amount of $75,699.10.  Lauber Affidavit at ¶ 7.

DISCUSSION

As set forth above, Fidelity has asserted facts and submitted supporting evidence sufficient to support its claims that Patriot breached the Agreement and its fiduciary duties thereunder and that the individual defendants are liable for this breach pursuant to the Guarantees.  Pursuant to Local Rule 56.1(b), the defendants were required to include in their response to Fidelity's motion

> a section labeled 'Statement of Material Facts in Dispute' which responds to the movant's asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrate that there is a dispute of fact precluding summary judgment . . . supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence either already in the record or contained in an appendix to the brief."

Pursuant to Local Rule 56.1(e),

> the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts: are specifically controverted in the opposing party's "Statement of Material Facts in Dispute" by admissible evidence; are shown not to be supported by admissible evidence; or, alone, or in conjunction with other admissible evidence, allow reasonable inferences to be drawn in the opposing party's favor which preclude summary judgment.

In this case, the defendants's response contains no "Statement of Material Facts in Dispute," labeled as such or otherwise, and it wholly fails to identify any specific factual disputes or present any evidence that controverts s the evidence submitted by Fidelity.  Indeed, the defendants' entire evidentiary submission in opposition to Fidelity's motion consists of an affidavit by defendant Peachee that states that, "to the best of his knowledge and belief," Patriot fulfilled all of its duties to Fidelity, including the payment of premiums, and that he "believe[s] that the facts will prove" that Patriot "discharged all legal and professional duties owed to Fidelity."  Peachee Affidavit at ¶¶ 3 and 4.  Because these conclusory denials are insufficient to

overcome the evidence submitted by Fidelity, Fidelity is entitled to summary judgment. *See Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004) ("We repeatedly have held that conclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment.").

## CONCLUSION

For the reasons set forth above, Fidelity's motion for summary judgment is **GRANTED** in its entirety. Fidelity has submitted uncontroverted evidence that it is entitled to an entry of judgment against the defendants, jointly and severally, in the amount of $981,534.46 ($960,830.94 in damages plus attorneys' fees and expenses of $20,703.52),[1] and judgment will be entered this date accordingly.

SO ORDERED:  06/02/2005

_V. Sue Shields_
V. Sue Shields, Magistrate Judge

Copies to:

Timothy J. Abeska
Barnes & Thornburg
tim.abeska@btlaw.com

Walter E. Bravard
suite800law@aol.com wbravard@aol.com

William A. Hahn
Barnes & Thornburg
william.hahn@btlaw.com

---

[1] Fidelity's reply in support of its motion did not include evidence of any additional attorney fees incurred since the motion was filed.